UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO KING GREEN,

    Petitioner,

Case No. 2:20-cv-13254

HONORABLE STEPHEN J. MURPHY, III

v.

JOHN DAVIDS,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S
MOTION TO STAY PETITION AND CLOSE THE CASE [2]**

A jury convicted Petitioner Antonio King Green of three counts of assault with intent to murder, carrying a concealed weapon, and felony firearm. *People v. Green*, No. 327261, 2016 WL 4954306, at *1 (Mich. Ct. App. Sept. 15, 2016). After, the Michigan Court of Appeals affirmed the convictions. *Id.* at *3. On September 30, 2019, the Michigan Supreme Court denied Petitioner leave to appeal the convictions. *People v. Green*, 504 Mich. 970 (2019).

On December 10, 2020, Petitioner filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 with the Court. ECF 1. The petition asserted that Petitioner's sentence improperly stemmed from facts found by a judge and that his defense counsel was ineffective for failing to inform him of a favorable plea offer. *Id.* at 5, 7. Petitioner also moved to stay the proceedings because the two claims raised in the petition had not been raised in the state court. ECF 2, PgID 17. Because Petitioner has not presented the claims in state court, the claims are unexhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts

1

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

When a petition raises unexhausted claims, the Court may stay the proceeding until Petitioner exhausts his state court remedies if outright dismissal would jeopardize a future petition's timeliness. To stay the proceedings, Petitioner must satisfy three conditions: (1) Petitioner must have "good cause for the failure to exhaust[,]" (2) the unexhausted claims must have some merit, and (3) "there is no indication that [Petitioner] engaged in intentionally dilatory litigation tactics[.]" *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *see also Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. Feb. 13, 2020) (affirming that the stay-and-abey procedure is appropriate when the petition contains only unexhausted claims).

Here, the Court finds that a stay is warranted. To begin, dismissing the case while Petitioner pursues state remedies could lead to ADEPA's one-year limitations period barring a later petition because less than three weeks remain on the limitations period. 28 U.S.C. § 2244(d); *see Jimenez v. Quarterman,* 555 U.S. 113, 120 (2009) (explaining that a conviction is final when "the time for filing a certiorari petition expires"). Thus, Petitioner needed to petition the Court by December 29, 2020. *See Lawrence v. Florida,* 549 U.S. 327, 333 (2007); S. Ct. R. 13(1).

Second, Petitioner's ineffective assistance of appellate counsel claim may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). And last, based on the present record, the Court cannot conclude that Petitioner's claims are meritless or that Petitioner

2

has "engaged in intentionally dilatory litigation tactics[.]" *Rhines*, 544 U.S. at 277–78. The Court will therefore stay the case and hold further proceedings in abeyance.

Because the Court has stayed the proceedings, the Court will "place reasonable time limits on [Petitioner's] trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay pursuing his state court remedies, the Court will condition tolling on Petitioner diligently pursuing relief in the state courts. That means Petitioner must move for relief from judgment in the trial court within thirty days of this order, if the motion is denied, then Petitioner must timely appeal in the state courts, and then if Petitioner wishes to return to the Court, Petitioner must amend the petition and move to lift the Court's stay within thirty days of exhausting his state court post-conviction remedies. *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005) ("[W]e have adopted a stay-and-abeyance procedure conditional on the 30–day time limits for cases where a dismissal might preclude a timely re-filed petition.").

**WHEREFORE**, it is hereby **ORDERED** that the Motion to Stay the Petition for a Writ of Habeas Corpus [2] is **GRANTED** and further proceedings here are held in **ABEYANCE**. If Petitioner fails in state court and wishes to proceed with the petition, Petitioner must amend the petition and move to lift the stay within thirty days of exhausting his state remedies.

**IT IS FURTHER ORDERED** that the Clerk of Court must administratively **CLOSE** the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager